IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **WILLIAM SOWELL,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | **CIVIL ACTION NO. 4:21-cv-831** |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| | § | |
| **TRANSAM TRUCKING, INC.** | § | |
| **and JOHN DOE,** | § | |
| | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANT TRANSAM TRUCKING, INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Federal Rule of Civil Procedure 81, and Local Rule 81, Defendant TransAm Trucking, Inc. (hereinafter referred to as "TransAm") hereby removes to this Court, the state court action described in Paragraph 1 below. Pursuant to 28 U.S.C. § 1446(a), TransAm sets forth the following "short and plain statement of the grounds for removal."

### A.     THE REMOVED CASE

1.     The removed case is a civil action filed with the 295th District Court, Harris County, Texas, on February 9, 2021, styled *William Sowell v. TransAm Trucking, Inc. and John Doe*; Cause No. 2021-08219 (the "State Court Action"). The case arises from alleged injuries sustained by Plaintiff William Sowell on or about August 30, 2019, when he was inside the cab of his eighteen-wheeler truck and another driver backed his truck into the front of Plaintiff's vehicle, and on or about February 5, 2020, when Plaintiff allegedly suffered injuries as a result of a carbon monoxide leak due to a missing seal in the floor of the cab.

### B.     DOCUMENTS FROM REMOVED ACTION

2.     Pursuant to Local Rule 81 and 28 U.S.C. 1446(a), TransAm attaches the following required documents to this Notice of Removal as Exhibit "A":

i.    All executed service of process;

ii.   Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings;

iii.  All orders signed by the state judge;

iv.   The docket sheet;

v.    Index of matters being filed; and

vi.   A list of all counsel of record, including addresses, telephone numbers and parties presented.

## C.    REMOVAL PROCEDURE

3.    Except as otherwise expressly provided by Act of Congress, any civil action brought in a State Court of which the district courts of the United States have original jurisdiction may be removed to the district court of the United States for the district and division embracing the place where the action is pending. 28 U.S.C. § 1441.  The Houston Division of the Southern District Court of Texas is the United States district and division embracing Harris County, Texas, the county in which the State Court Action is pending.

4.    TransAm was served with a copy of Plaintiff's Original Petition ("Petition") on February 12, 2021, through its registered agent. Therefore, this Notice of Removal is filed within the time limits specified in 28 U.S.C. § 1446(b).

5.    Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders in the State Court Action as of the date of this pleading are attached hereto as Exhibit "A" and incorporated herein for all purposes.

6.    TransAm will promptly give all parties written notice of the filing of this Notice of Removal and will promptly file a copy of this Notice of Removal with the 295th Judicial District Court, Harris County Texas, where the action is currently pending.

#### D.      **VENUE IS PROPER**

7.      The United States District Court for the Southern District of Texas is the proper venue for removal of the state court action pursuant to 28 U.S.C. § 1441(a) because the 295th Judicial District Court, Harris County Texas is located within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

#### E.      **COMPLETE DIVERSITY OF CITIZENSHIP EXISTS**

8.      This is a civil action that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship in accordance with 28 U.S.C. §§ 1441 and 1446.

9.      As admitted in his Petition, Plaintiff is resident citizen of Harris County, Texas."[1]

10.      Defendant TransAm Trucking, Inc. is a foreign corporation organized and existing under the laws of the State of Kansas and doing business in the State of Texas. Defendant TransAm Trucking, Inc.'s primary place of business is in Olathe, Kansas. Pursuant to 28 U.S.C. § 1332(c)(1), Defendant TransAm Trucking, Inc. is not a citizen of the State of Texas. Rather, Defendant is a citizen of Kansas.

11.      Because Plaintiff is a resident of the State of Texas and Defendant TransAm is not, complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332.

#### F.      **THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED**

12.      Plaintiff alleges in his Original Petition that he seeks damages over $1,000,000."[2] Plaintiff also seeks to recover damages against TransAm for: (a.) physical pain and mental anguish

---

[1] *See* Pl. Original Petition at ¶ 1.1.
[2] Pl. Original Petition at ¶ 9.1.

in the past and future; (b.) reasonable and necessary cost of medical care in the past and future; (c.) Physical impairment in the past and future; and (d.) prejudgment and post-judgment interest.

13.     Therefore, based on all of the aforementioned facts, the State Court Action may be removed to this Court by TransAm in accordance with the provisions of 28 U.S.C. § 1441(a) because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Southern District of Texas; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $ 75,000 exclusive of interest and costs.

## G.     FILING OF REMOVAL PAPERS

14.     Pursuant to 28 U.S.C. § 1446(d), TransAm is providing written notice of the filing of this Notice of Removal to all counsel of record and is filing a copy of this Notice with the Clerk of the 295th Judicial District Court, Harris County Texas, in which this action was originally commenced.

## H.     CONCLUSION

15.     Defendant TransAm Trucking, Inc. hereby removes the above-captioned action from the 295th Judicial District Court, Harris County Texas, and requests that further proceedings be conducted in the United States District Court for the Southern District of Texas, Houston Division, as provided by law.

Respectfully submitted,

**MAYER LLP**
750 N. St. Paul Street, Ste. 700
Dallas, Texas 75201
214.379.6900 / Fax 214.379.6939

4400 Post Oak Parkway, Suite 1980
Houston, Texas 77027
713.487.2000 / Fax 713.487.2019

By:     */s/ Aaron M. Speer*
      Aaron M. Speer
      State Bar No. 24051365
      aspeer@mayerllp.com
      Kevin P. Riley
      State Bar No. 16929100
      E-mail: kriley@mayerllp.com
      Van E. "Trey" Parham
      State Bar No. 24103008
      tparham@mayerllp.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

This is to certify that on the 12th day of March, 2021, a true and correct copy of the foregoing has been forwarded to all counsel of record as follows:

***Via ECF***
J. Kyle Beale
McDonald Worley, PC
1770 St. James Place, Ste. 100
Houston, TX 77056
kbeale@mcdonaldworley.com
***Attorney for Plaintiff***

      */s/ Aaron M. Speer*
      Aaron M. Speer