# EXHIBIT "A-2"

2/9/2021 4:34 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 50509360
By: Chandra Lawson
Filed: 2/9/2021 4:34 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **WILLIAM SOWELL,** | § § § | IN THE DISTRICT COURT |
| **Plaintiff,** | § § | |
| vs. | § § § § | _____ JUDICIAL DISTRICT |
| **TRANSAM TRUCKING, INC. and JOHN DOE,** | § § § | HARRIS COUNTY, TEXAS |
| **Defendants** | § § § | |

<b>PLAINTIFF'S ORIGINAL PETITION</b>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, WILLIAM SOWELL (hereinafter referred to as "Plaintiff"), and files this Original Petition complaining of TRANSAM TRUCKING, INC. and JOHN DOE, and for cause of action would respectfully show this Court and Jury as follows:

## 1. PARTIES

1.1 Plaintiff, WILLIAM SOWELL, is an individual residing in Harris County, Texas. The last three (3) digits of his SSN are 991 and the last three (3) digits of his driver's license number are 307.

1.2 Defendant, TRANSAM TRUCKING, INC. (hereinafter "TRANSAM") is a general domestic for-profit corporation authorized to conduct business in the State of Texas and may be served with process through its registered agent, Corporation Service Agency, at 211 E. 7th Street, Suite 620, Austin, Texas 78701, or any other address where Defendant may be located.

## 2. VENUE AND JURISDICTION

2.1 This court has jurisdiction over this controversy because the damages are within the jurisdictional limits of this court. Venue is proper in Harris County, Texas, because the facts giving rise to the cause of action occurred in Harris County.

2.2     This court has personal jurisdiction over Defendants herein because Defendant, TRANSAM, maintains continuous and systematic contacts within the State of Texas by owning, leasing and/or managing real property and/or providing services throughout the State of Texas, and Defendant, JOHN DOE, is an employee of Defendant, TRANSAM.

### 3.  DISCOVERY LEVEL

3.1     Plaintiff requests that discovery in this case be governed at the Level 3 category.

### 4. FACTUAL BACKGROUND

4.1     It has become necessary to bring this cause of action due to the severe injuries and damages sustained by Plaintiff, WILLIAM SOWELL on or about August 30, 2019 and February 5, 2020.  On both occasions, Defendant, TRANSAM, was a non-subscriber to the Texas Workers Compensation Act.  On both occasions, Plaintiff was an employee of Defendant TRANSAM and was operating within the normal course and scope of his employment.

4.2     On August 30, 2019, Plaintiff was inside the cab of his eighteen-wheeler truck, belonging to his employer, Defendant TRANSAM, when an eighteen-wheeler operated by JOHN DOE, an employee of Defendant TRANSAM who has not yet been identified, suddenly and without warning backed his truck into the front of Plaintiff's vehicle.  As a result of the jarring impact of the collision, Plaintiff was thrown into an internal door of the cab of his vehicle and caused to sustain severe personal injuries.

4.3     On or about February 5, 2020, Plaintiff had been occupying the cab of the eighteen-wheeler owned and maintained by Defendant, TRANSAM, in his customary manner, to include sleeping in the designated quarters, when he began to notice fumes and started feeling ill. Plaintiff notified Defendant TRANSAM of the presence of the fumes and the truck was taken in for examination.  Upon inspection of the truck cab, it was found that the white sealant around the APU harness and hoses that came up through the floor was missing altogether, causing carbon

monoxide to flow directly into the cab, effectively poisoning Plaintiff while he occupied the cab. As a result of the missing seal and his exposure to a dangerous carbon monoxide leak, Plaintiff was caused to sustain severe personal injuries.

4.4     At the time of the incident of August 30, 2019, Plaintiff, WILLIAM SOWELL, was an employee of Defendant, TRANSAM, a non-subscriber to the Texas Workers Compensation Act. His injuries were a direct and proximate result of the negligence of Defendants, TRANSAM and JOHN DOE.

4.5     At the time of the incident of February 5, 2020, Plaintiff, WILLIAM SOWELL, was an employee of Defendant, TRANSAM, a non-subscriber to the Texas Workers Compensation Act and was an invitee on the property/vehicle in question. The vehicle in which Plaintiff was injured was owned by Defendant, TRANSAM and Defendant, TRANSAM, was responsible for proper maintenance, repair, and general upkeep of the vehicle. Plaintiff's injuries were a direct and proximate cause of the negligence of Defendant, TRANSAM.

4.6     Plaintiff received no warnings prior to either incident and was without fault.

## 5. NEGLIGENCE OF DEFENDANTS, JOHN DOE and TRANSAM TRUCKING, INC. – INCIDENT OF AUGUST 30, 2019

5.1     At the time and on the occasion in question, Defendant TRANSAM, as Plaintiff's employer, owed certain duties to Plaintiff under Texas law, including but not limited to the following non-delegable duties:

(1)    to supervise employees' activities;

(2)    to hire competent co-employees;

(3)    to furnish reasonably safe instrumentalities and equipment with which to work;

(4)    to provide safety regulations; and

(5)    to train employees in the safe use and operation of its commercial vehicles.

PLAINTIFF'S ORIGINAL PETITION                                                                                                          3

5.2     Plaintiff's injuries on August 30, 2019 were sustained as a direct and proximate cause of the negligent, careless, and reckless disregard of duty of Defendant, JOHN DOE, an employee of Defendant, TRANSAM, who was operating an eighteen-wheeler in the course and scope of his employment with Defendant, TRANSAM. The negligence of Defendant, JOHN DOE, and Defendant TRANSAM as his employer, includes, but is not limited to the following:

a.   In that Defendant JOHN DOE failed to keep a prudent and proper lookout for Plaintiff's safety and the safety of all others in the vicinity, and that said proper lookout would reasonably have been maintained by a person under the same or similar circumstances;

b.   In that Defendant JOHN DOE failed to apply his brakes in a timely and prudent manner;

c.   In that Defendant JOHN DOE failed to turn his vehicle in an attempt to avoid a collision;

d.   In that Defendant JOHN DOE failed to take evasive action to avoid a collision;

e.   In that Defendant, TRANSAM failed to properly train its employees;

f.   In that Defendant, TRANSAM failed to properly instruct its employees.

### NEGLIGENCE OF DEFENDANT, TRANSAM TRUCKING, INC. – INCIDENT OF FEBRUARY 5, 2020

6.1     At the time and on the occasion in question, Defendant TRANSAM, as Plaintiff's employer, owed certain duties to Plaintiff under Texas law, including but not limited to the following non-delegable duties:

(1)   to supervise employees' activities;

(2)   to hire competent co-employees;

(3)   to furnish reasonably safe instrumentalities and equipment with which to work;

(4)   to provide safety regulations; and

(5) to train employees in the safe use, maintenance, and operation of its commercial vehicles.

6.2     At the time and on the occasion of the incident of February 5, 2020, Defendant, TRANSAM, as Plaintiff's employer, owed duties to Plaintiff, including but not limited to the following, and by various acts and omissions, breached these duties, each of which singularly or in combination, was a proximate cause of the occurrence in question and Plaintiff's injuries:

a. in creating a dangerous condition and an unreasonable risk of harm to Plaintiff;

b. in failing to exercise ordinary care to protect Plaintiff from harm;

c. in failing to adequately warn Plaintiff of the dangerous condition created by Defendants;

d. in failing to properly and timely inspect the vehicle;

e. in failing to properly and timely remove the dangerous condition from the vehicle;

f. in failing to maintain the vehicle in a reasonably safe manner;

g. in knowingly permitting the vehicle to remain in its dangerous condition;

h. in failing to properly train its employees;

i. in failing to properly supervise its employees.

6.3     At the time of the incident in question, Defendant, TRANSAM, and its agents, servants, employees and/or representatives, controlled, serviced and/or maintained the exact vehicle in question where the incident took place.  Defendant owed a duty to Plaintiff to prevent a foreseeable risk of injury and assumed a duty to provide a safe premises. As a matter of routine, Defendant should have discovered the dangerous condition and taken corrective action in a timely manner, but failed to do so.  Defendant breached its duty of care by creating the defect and/or allowing the defect to exist, thereby causing Plaintiff to be exposed to a dangerous

toxin. Defendant's failure to exercise reasonable care proximately caused the incident in question and the resulting damages.

### 7. DAMAGES

7.1    As a direct and proximate result of the above-described actions and negligence of the Defendants herein, Plaintiff would show that he has suffered actual damages within the jurisdictional limits of this Court.  The elements of Plaintiff, WILLIAM SOWELL'S damages are as follows:

a.    Physical pain and mental anguish in the past and future;

b.    Reasonable and necessary cost of medical care in the past and future;

c.    Physical impairment in the past and future;

d.    Prejudgment and post-judgment interest.

### 8. REQUIRED DISCLOSURE

8.1    PURSUANT TO AMENDED RULES 194, Defendants are required to disclose, within thirty (30) days of the filing of Defendants' respective Original Answers, or of Defendants' general appearance, the information or material described in Rules 194.2 to the undersigned counsel for Plaintiff.

### 9. TRCP RULE 47 STATEMENT OF RELIEF SOUGHT

9.1    Although the amount sought as compensation for the aforesaid injuries and damages is a matter best left to the discretion of the Jury which decides this case and may award an amount in excess of amounts stated, Plaintiff, in compliance with Texas Rule of Civil Procedure 47, must set forth an anticipated range of value.  In accordance therewith, Plaintiff respectfully pleads for monetary relief over $1,000,000.00.  Plaintiff reserves the right to amend this Rule 47 statement as necessary.

## 10. PRAYER

10.1   For these reasons, Plaintiff prays this court cite Defendants to appear and answer herein and that Plaintiff have judgment taken against Defendants and recover all damages allowed by law, pre-judgment and post judgment interest as allowed by law, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

McDONALD WORLEY, P.C.

_____
J. Kyle Beale
State Bar No. 24009892
1770 St. James Place, Suite 100
Houston, Texas 77056
Tele:   (713) 523-5500
Fax:    (713) 523-5501
kbeale@mcdonaldworley.com

ATTORNEYS FOR PLAINTIFF

Unofficial Copy Office of Marilyn Burgess District Clerk